The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY,

                                  Plaintiff,

        v.

EXPRESS SCRIPTS, INC., EXPRESS
SCRIPTS ADMINISTRATORS, LLC, MEDCO
HEALTH SOLUTIONS, INC., MERCK-
MEDCO, ESI MAIL ORDER PROCESSING,
INC., ESI MAIL PHARMACY SERVICE, INC.,
EXPRESS SCRIPTS PHARMACY, INC.,
EXPRESS SCRIPTS SPECIALTY
DISTRIBUTION SERVICES, INC.,
OPTUMINSIGHT, INC., OPTUMINSIGHT
LIFE SCIENCES, INC., THE LEWIN GROUP,
INC., INGENIX PHARMACEUTICAL
SERVICES, INC., INGENIX, INC.,
OPTUMRX, INC., AND OPTUM, INC.,

                                  Defendants.

Case No. 2:24-cv-00049-BJR

**STIPULATED PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    CONFIDENTIALITY DESIGNATED MATERIAL

Confidential. "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged that the Producing Party in good faith believes would be entitled to protection on a motion for a protective order pursuant to Fed. R. Civ. P. 26(c). This includes but is not limited to: (a) confidential personal information, personnel records; (b) protected law enforcement materials (including investigative files, overdose records, Narcan records, coroner's records, court records, and prosecution files); (c) research, technical, commercial, or financial information that the Producing Party has maintained as confidential; or (d) such other proprietary or sensitive business and commercial information that is not publicly available. Public records and other information or documents that are or become publicly available are not deemed Confidential material. Notwithstanding the right for a party to designate information "Confidential," nothing in this Protective Order requires any party to disclose information that waives any privilege, including but not limited to, attorney-client privilege or law enforcement privilege or that requires any party to disclose information that is protected from disclosure by law or that requires authorization of non-parties to this litigation, such as state or U.S. Government agencies. In designating discovery materials as Confidential, the Producing Party shall do so only after a determination in good faith by the Producing Party or its counsel that the material would be entitled to protection on a motion for a protective order pursuant to Federal

STIPULATED PROTECTIVE ORDER
(2:24-cv-00049-BJR) - 2

Rule of Civil Procedure 26(c), that the material is not otherwise publicly available, and that the material is not old to a point where it is not entitled to protection consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as "Confidential."

Confidential Health Information. "Confidential Health Information" means information that the Producing Party believes in good faith is of the type protected under state or federal law, or where such protection is necessary to protect the privacy of the patient/insured/member, including, but not limited to, patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal health information. Confidential Health Information encompasses any patient health information protected by state or federal law, including, but not limited to, "Protected Health Information," as defined and set forth in 45 C.F.R. § 160.103.

        a. "Protected Health Information," as used here, has the same scope and definition as set forth in 45 C.F.R. Parts 160 and 164. Without limiting the generality of this Section, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a

patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103 and 45 C.F.R. § 514:

i.  Names;

ii.  All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code, except to the extent necessary to identify city or county of residence for the purpose of this litigation, and so long as such information cannot be used to identify an individual;

iii.  All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death; and all ages over 89 and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

iv.  Telephone numbers;

v.  Fax numbers;

vi.  Electronic mail addresses;

vii.  Social security numbers;

viii.  Medical record numbers;

ix.  Health plan beneficiary numbers;

x.  Account numbers;

xi.  Certificate/license numbers;

xii.  Vehicle identifiers and serial numbers, including license plate numbers;

xiii.  Device identifiers and serial numbers;

xiv.  Web universal resource locators ("URLs");

xv. Internet protocol ("IP") address numbers;

xvi. Biometric identifiers, including finger and voice prints;

xvii. Full face photographic images and any comparable images;

xviii. Any other unique identifying number, characteristic, or code; and

xix. Any other identification that the Producing Party knows could be used alone or in combination with other information to identify an individual who is the subject of the information.

b. Confidential Health Information does not include any document or information in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the document or information produced could be used alone or in combination with other information to identify an individual who is the subject of the document or information produced. The Producing Party may, but is not required to, perform such redactions before producing documents that originally contained Confidential Health Information.

c. Safeguards for Confidential Health Information: The Parties also seek to ensure that any person who receives and stores Confidential Health Information in connection with This Litigation will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information they may receive from any person in connection with This Litigation. At a minimum, all Parties and persons or entities who might receive Confidential Health Information agree that they will (1) comply with the Privacy and Security Rules as defined in Paragraph 83 and otherwise herein; (2) establish contractual controls that require any vendors, experts, or parties that might receive

Confidential Health Information to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules.  Confidential Health Information will be securely returned or destroyed pursuant to the provisions of this Order.

Highly Confidential. "Highly Confidential" information is defined herein as information which, if disclosed, disseminated, or used by or to a Competitor of the Producing Party or any other person not enumerated in 4.3(b), could reasonably result in possible antitrust violations or commercial, financial, or business harm. In designating discovery materials as Highly Confidential, the Producing Party shall do so only after a determination in good faith by the Producing Party or its counsel that the material would be entitled to protection on a motion for a protective order pursuant to Fed. R. Civ. P. 26(c), that the Producing Party has made reasonable efforts to keep the material confidential, that the material is not otherwise publicly available, and that the material is not "stale" or old to a point where it is not entitled to protection consistent with the provisions of this Protective Order and rulings the Court. Nothing herein shall be construed to allow for global designations of all documents as "Highly Confidential."

Highly Confidential – Attorneys' Eyes Only. "Highly Confidential – Attorneys' Eyes Only" information is defined herein as information properly designated as "Highly Confidential" within the terms of the above paragraph, and which, if disclosed, disseminated, or used by any person not enumerated in Paragraph 4.3(c) below, creates extraordinary risk of harm, including harm to non-parties; and infringing on the privacy interests of non-parties. Notwithstanding the right for a party to designate information "Highly Confidential – Attorney Eyes Only," nothing in this Order requires any party to disclose information that waives any privilege, including but not limited to, attorney-client privilege or law enforcement privilege or that requires any party to disclose information that is protected from disclosure by law or that requires authorization of non-parties to this litigation, such as state or U.S. Government agencies. In designating discovery materials as Highly Confidential – Attorneys' Eyes Only, the Producing Party shall do so in good

faith consistent with the provisions of this Order, and other applicable rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as "Highly Confidential – Attorneys' Eyes Only." To the extent documents in this Litigation have already been produced as "Highly Confidential – Attorneys' Eyes Only," the existing designation may be used by the Producing Party for purposes of this Order.

Through the remainder of this Protective Order, "Protected Material" shall refer to materials marked Confidential, Highly Confidential, Confidential Health Information, or Highly Confidential – Attorneys' Eyes Only.

3.    SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party and counsel for a receiving party shall not disclose or permit the disclosure of any Confidential, Highly Confidential, or Highly Confidential-Attorneys' Eyes Only material to any third person or entity except as set forth in Paragraph 4.3.

4.2    A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.3    <u>Disclosure of Protected Material</u>.

(a)    <u>CONFIDENTIAL MATERIAL</u>: Unless otherwise ordered by the court or permitted in writing by the Producing Party, a receiving party may disclose any "CONFIDENTIAL" material only to:

(i)    the receiving party's outside counsel of record in this action, as well as the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii)    present or former officers, directors, and employees (including in house counsel) of a party to whom disclosure is reasonably necessary for this litigation, provided that former officers, directors, or employees of the Producing Party may be shown documents prepared after the date of his or her departure only to the extent counsel for the receiving party determines in good faith that the employee's assistance is reasonably necessary to the conduct of this litigation and provided that such persons have completed the certification contained in Exhibit A, "Acknowledgment and Agreement to Be Bound." Nothing in this paragraph shall be deemed to permit the showing of one defendant's "CONFIDENTIAL" information to an officer, director, or employee of another defendant, except to the extent otherwise authorized by this Order;

(iii)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)    the court, court personnel, and court reporters and their staff, or other stenographic employees recording or transcribing testimony in this litigation;

(v)    copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any "CONFIDENTIAL" material to third parties and to immediately return all originals and copies of any "CONFIDENTIAL" material;

(vi)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the Producing Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(vii)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(viii)    those liability insurance companies from which any Defendant has sought or may seek insurance coverage to (i) provide or reimburse for the defense of the Litigation and/or (ii) satisfy all or part of any liability in the litigation to whom disclosure is reasonably necessary, and such materials will be maintained confidentially subject to the terms of this Order.

(b)    <u>CONFIDENTIAL HEALTH INFORMATION</u>: Unless otherwise ordered by the court or permitted in writing by the Producing Party, a receiving party may disclose any "CONFIDENTIAL HEALTH INFORMATION" material only to:

(i)    the receiving party's outside counsel of record in this action, as well as the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii)    present or former officers, directors, and employees (including in house counsel) of a party to whom disclosure is reasonably necessary for this litigation, provided that former officers, directors, or employees of the Producing Party may be shown documents prepared after the date of his or her departure only to the extent counsel for the receiving party determines in good faith that the employee's assistance is reasonably necessary to the conduct of this litigation and provided that such persons have completed the certification contained in Exhibit A, "Acknowledgment and Agreement to Be Bound." Nothing in this paragraph shall be deemed to permit the showing of one defendant's "CONFIDENTIAL HEALTH INFORMATION" to an officer, director, or employee of another defendant, except to the extent otherwise authorized by this Order;

(iii)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)     the court, court personnel, and court reporters and their staff, or other stenographic employees recording or transcribing testimony in this litigation;

(v)     copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL HEALTH INFORMATION" material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any "CONFIDENTIAL HEALTH INFORMATION" material to third parties and to immediately return all originals and copies of any "CONFIDENTIAL HEALTH INFORMATION" material;

(vi)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Producing Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL HEALTH INFORMATION" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(vii)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(viii)     those liability insurance companies from which any Defendant has sought or may seek insurance coverage to (i) provide or reimburse for the defense of the Litigation and/or (ii) satisfy all or part of any liability in the litigation to whom disclosure is reasonably necessary, and such materials will be maintained confidentially subject to the terms of this Order.

(c)     HIGHLY CONFIDENTIAL MATERIAL: Unless otherwise ordered by the court or permitted in writing by the Producing Party, a receiving party may disclose any "HIGHLY CONFIDENTIAL" material only to:

(i)    the receiving party's outside counsel of record in this action, as well as the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii)    present or former officers, directors, and employees (including in house counsel) of the party to whom disclosure is reasonably necessary for this litigation, provided that former officers, directors, or employees of the Producing Party may be shown documents prepared after the date of his or her departure only to the extent counsel for the receiving party determines in good faith that the employee's assistance is reasonably necessary to the conduct of this litigation, provided that the in-house counsel of the party has regular involvement in the litigation, and provided that such persons have completed the certification contained in Exhibit A, "Acknowledgment and Agreement to Be Bound." Nothing in this paragraph shall be deemed to permit the showing of one defendant's "HIGHLY CONFIDENTIAL" information to an officer, director, or employee of another defendant, except to the extent otherwise authorized by this Order;

(iii)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)    the court, court personnel, and court reporters and their staff, or other stenographic employees recording or transcribing testimony in this litigation;

(v)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(vi)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Producing Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(vii)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(viii)    those liability insurance companies from which any Defendant has sought or may seek insurance coverage to (i) provide or reimburse for the defense of the Litigation and/or (ii) satisfy all or part of any liability in the litigation to whom disclosure is reasonably necessary, and such materials will be maintained confidentially subject to the terms of this Order.

(d)    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL: Unless otherwise ordered by the court or permitted in writing by the Producing Party, a receiving party may disclose any "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material only to:

(i)    the receiving party's outside counsel of record in this action, as well as the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iii)    the court, court personnel, and court reporters and their staff, or other stenographic employees recording or transcribing testimony in this litigation;

(iv)    copy or imaging services retained by counsel to assist in the duplication of such material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(v)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

1    (e)    With respect to documents produced to Plaintiff, documents designated as
2 "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY",
3 will be treated in the same manner as documents designated "CONFIDENTIAL," except that
4 Plaintiff may not disclose Highly Confidential, or Highly Confidential-Attorneys' Eyes Only
5 material to in-house Counsel (or current employees) of any party or non-party except for the
6 producing party without written permission or except as otherwise provided in this Order or any
7 other Order in this litigation

8    (f)    In the event that in-house counsel (or current employees) of any of any
9 party, other than counsel for Plaintiff, or non-party except for the producing party is present at the
10 deposition of an employee or former employee of the producing party, prior to a document
11 designated as Highly Confidential, or Highly Confidential – Attorneys' Eyes Only material being
12 used in the examination, such in-house counsel (or current employees) of any party or non-party
13 except for the producing party shall excuse himself or herself from the deposition room without
14 delaying or disrupting the deposition.

15    4.4    Filing Protected Material.

16    (a)    This Protective Order does not authorize the filing of any document under
17 seal. A party seeking to file Confidential, Confidential Health Information, Highly Confidential,
18 or Highly Confidential—Attorneys' Eyes Only information under seal must do so in accordance
19 with the Court's procedures for filing information under seal.

20    (b)    To the extent that a brief, memorandum, or pleading references any
21 document designated as Confidential, Confidential Health Information, or Highly Confidential,
22 Highly Confidential—Attorneys' Eyes Only, then the brief, memorandum, or pleading shall refer
23 the Court to the particular exhibit filed under seal without disclosing the contents of any
24 confidential information. If, however, the confidential information must be intertwined within the
25 text of the document, a party may file a redacted version of the brief, memorandum, or pleading
26 for the public docket and timely move the Court for leave to file an unredacted version for sealing.

(c)      Any and all filings made under seal must be submitted according to the Court's applicable rules and procedures. If both redacted and unredacted versions are being submitted for filing, each version must be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

(d)      A Party that intends to present Confidential Information, Confidential Health Information, Highly Confidential Information, or Highly Confidential—Attorneys' Eyes Only Information at a hearing shall bring that issue to the Court's and Parties' attention, without disclosing the Confidential Information, Confidential Health Information, Highly Confidential Information, or Highly Confidential—Attorneys' Eyes Only Information to a person who is not authorized to receive such information. The Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Confidential Information, Confidential Health Information, Highly Confidential Information, or Highly Confidential—Attorneys' Eyes Only Information at the hearing. The use of any Confidential Information, Confidential Health Information, Highly Confidential Information, or Highly Confidential—Attorneys' Eyes Only Information at trial shall be governed by a separate stipulation and/or court order.

5.      REDACTION OF DISCOVERY MATERIAL

5.1      In order to protect against unauthorized disclosure of information that is privileged or otherwise protected from disclosure, a producing party may redact such information from produced documents, materials, or other things only as indicated below, provided that such redactions are clearly indicated on the face of the document, and the basis for the redactions appears on the redactions themselves or else in a metadata field that indicates that the document contains redactions and the basis for the redactions (e.g., "A/C Privilege," "Drug Scope"). Specifically, the Producing Party may redact or de-identify the following information, and any other information that the parties agree may be redacted in the course of the litigation:

(a)                Personal Identifying Information. The names, home addresses, personal email addresses, home telephone numbers, Social Security or tax identification numbers, and other private information protected by law of

(a) individuals in clinical studies or adverse event reports whose identity is protected by law, (b) undercover law enforcement personnel and confidential informants, and (c) patient identified information that is protected by 42 CFR § 2.12 and associated regulations consistent with the Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases entered in the Federal MDL. *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-02804 (N.D. Ohio Mar. 7, 2019), ECF No. 1421. Further, Social Security numbers, tax identification numbers, and other private information protected by law of current and former employees.

(b)    Privileged Information. Information protected from disclosure by the attorney-client privilege, work-product doctrine, or other such legal privilege protecting information from discovery in this litigation. The obligation to provide, and form of, privilege logs will be addressed by a separate ESI Order.

(c)    Third Party Confidential Information. If agreed to by the Parties or ordered by the Court, information that is protected pursuant to confidentiality agreements between Designating Parties and third parties, as long as the agreements require Designating Parties to redact such information in order to produce such documents in litigation.

(d)    Non-opioid medications. The Parties may redact competitively sensitive information about non-opioid products that is segregable from opioid products, provided that the sensitive information is not itself relevant and its redaction does not render the responsive information meaningless or remove it context.

(e)    P&T Committee Member Identifying Information. The Parties may redact identifying information of current members of their P&T Committees in documents or other materials produced. The Parties may also withhold such

identifying information from responses to interrogatories or other discovery requests, and the Parties may instruct witnesses at depositions not to provide answers that would reveal the identity of current members a P&T Committee, provided that the fact that information was withheld on this basis is also disclosed. Nothing in this paragraph waives the right of any party to seek information from or about current P&T committee members, or the right of any party to oppose such efforts.

5.2    Redaction or withholding of information listed above does not create a presumption that the redaction is valid.  Applicable law determines who bears the burden of establishing that the redaction or withholding is justified.

6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, section 6.4 below), or as otherwise stipulated or ordered, disclosure or

discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL", "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains such Protected Material.

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Material. If a party or non-party desires to prevent Protected Material from being disclosed at trial, the issue should be addressed during the pre-trial conference.

(c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored—or by other reasonable means where not feasible—the words CONFIDENTIAL", "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

6.3    <u>Designating Previously Produced Material for Protection</u>. To the extent a Producing Party reproduces protected material in this litigation that was previously produced in in *In re National Prescription Opiate Litigation*, Case No. 17-MD-2804 (N.D. Ohio), or any other opioid related litigation or investigation, the Producing Party shall reproduce such protected material in this litigation using the same confidentiality notations.

6.4    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.5    This Protective Order shall not be construed to protect from production any document, or permit the designation of Protected Material in any document, that the Designating Party or non-party has not made reasonable efforts to keep confidential, or that becomes public or generally available to the public, except by wrongful act on the part of the non-party or Receiving Party.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

the Protected Material in question in accordance with its confidentiality designation under until the court rules on the challenge.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL", "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", that party must:

(a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order no more than five (5) business days after receiving such request;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement;

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected;

(d)    Materials that have been designated as Confidential, Confidential Health Information, Highly Confidential, or Highly Confidential—Attorneys' Eyes Only must not be provided or disclosed to any third party in response to a request under any public records act, or any similar federal, state, or municipal law (collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to this Protective Order. If a Party to this litigation receives such a request, it must (a) provide a copy of this Protective Order to the requesting party and inform it that the requested materials are exempt from disclosure and that the party is barred by this Protective Order from disclosing them, and (b) promptly inform the Designating Party that has designated the requested material that the request has been made, identifying the name of the requesting party and the particular materials sought. If the Designating Party seeks a protective order, the receiving party shall not disclose such material until the Court has ruled on the request for a protective order. The restrictions in this paragraph do not apply to materials that (a) the

Designating Party expressly consents in writing to disclose; or (b) this Court has determined by court order to have been improperly designated as Confidential, Confidential Health Information, Highly Confidential, or Highly Confidential—Attorneys' Eyes Only. The provisions of this section apply to any person or entity in receipt of materials designated Confidential, Confidential Health Information, Highly Confidential, or Highly Confidential—Attorneys' Eyes Only as governed by this Protective Order. Nothing in this Protective Order will be deemed to (a) foreclose any party from arguing that discovery material is not a public record for purposes of the Public Disclosure Laws; (b) prevent any party from claiming any applicable exemption to the Public Disclosure Laws; or (c) limit any arguments that a Party may make as to why discovery material is exempt from disclosure.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

10.1    Non-Waiver of Privilege. The parties agree that they do not intend to disclose information subject to a claim of attorney-client privilege, attorney work product protection, common-interest privilege, or any other privilege, immunity, or protection from production or disclosure ("Privileged Information"). If, nevertheless, a producing party discloses Privileged Information or Protected Material, such disclosure (as distinct from use) will be deemed inadvertent without need of further showing and will not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state

proceeding by that party (the "Disclosing Party"). This Section 9.1 will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

10.2   <u>Recall of Privileged Information or Protected Material.</u> If the disclosing party has notified the receiving party of the production of Privileged Information or Protected Material, or has confirmed the production of Privileged Information or Protected Material called to its attention by the receiving party, the receiving party must within fourteen (14) days of receiving such notification or confirmation: (a) destroy or return to the disclosing party all copies or versions of the produced Privileged Information or Protected Material requested to be returned or destroyed; (b) delete from its work product or other materials any quoted or paraphrased portions of the produced Privileged Information or Protected Material; and (c) ensure that produced Privileged Information or Protected Material is not disclosed in any manner to any Party or non-Party.

(a)   Notwithstanding the above, the receiving party may segregate and retain one copy of the Privileged Information or Protected Material that has been returned, destroyed, sequestered, or deleted ("Clawed-Back Information") solely for the purpose of disputing the claim of privilege or confidentiality. The receiving party must not use any produced Privileged Information or Protected Material in connection with This Litigation or for any other purpose other than to dispute the claim of privilege. The receiving party may file a motion disputing the claim of privilege or confidentiality and seeking an order compelling production of the material at issue; the disclosing party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive privilege.

(b)   Within fourteen (14) days of the notification that the Clawed-Back Information has been returned, destroyed, sequestered, or deleted, the disclosing party must produce a privilege log with respect to Privileged Clawed-Back Information. Within fourteen (14) days after receiving the disclosing party's privilege log with respect to such Privileged Clawed-Back Information, a receiving party must notify the disclosing party in writing of any objection to a claim of privilege or work-product protection with respect to the Privileged Clawed-Back Information. Within fourteen (14) days of the receipt of such notification, the disclosing party and

the objecting party must meet and confer in an effort to resolve any disagreement concerning the disclosing party's privilege or work-product claim with respect to such Privileged Clawed-Back Information. The Parties may stipulate to extend the time periods set forth in this paragraph.

(c)    If, for any reason, the disclosing party and receiving party (or Parties) do not resolve their disagreement after conducting the mandatory meet and confer, the receiving party may initiate an appropriate procedure to challenge the privilege or protection claim with the Court. The disclosing party bears the burden of establishing the privileged or protected nature of any Privileged Information or Protected Material.

(d)    Nothing contained herein is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing in this Order will limit the right to request an in-camera review of any Privileged Information or Protected Material.

(e)    In the event any prior order or agreement between the Parties or between the Parties and a non-party concerning the disclosure of privileged or work product protected materials conflicts with any of the provisions of this Order, the provisions of this Order will control.

(f)    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the other Party that such materials have been produced.

11.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return or delete all confidential material received from the producing party.

Notwithstanding this provision, counsel are entitled to retain the client file consisting of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence (including email), deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

1         The confidentiality obligations imposed by this agreement shall remain in effect until a

2    Designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 28th day of July, 2025.

**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**

By */s/ Alicia Cobb*
Alicia Cobb (WSBA #48685)
Nolan Anderson (WSBA #59691)
1109 First Avenue, Suite 210
Seattle, Washington 98101
T: (206) 905-7000
F: (206) 905-7100
aliciacobb@quinnemanuel.com
nolananderson@quinnemanuel.com

Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
1300 I St. NW, Suite 900
Washington, DC 20005
T: (202) 538-6600
F: (202) 538-6700
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Danielle L. Gilmore (*pro hac vice*)
Sage R. Vanden Heuvel (*pro hac vice*)
Kiel B. Ireland (*pro hac vice*)
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017
T: (213) 443-3000
F: (213) 443-3100
daniellegilmore@quinnemanuel.com
sagevandenheuvel@quinnemanuel.com
kielireland@quinnemanuel.com

***Attorneys for Express Scripts, Inc.,***
***Express Scripts Administrators, LLC,***
***Medco Health Solutions, Inc., ESI Mail***
***Order Processing, Inc, ESI Mail***
***Pharmacy Service, Inc., Express Scripts***
***Pharmacy, Inc., Express Scripts***
***Specialty Distribution Services, Inc.***

**KELLER ROHRBACK L.L.P.**

By */s/ Juli E. Farris*
Derek W. Loeser, WSBA #24274
David J. Ko, WSBA #38299
Alison S. Gaffney, WSBA #45565
Juli E. Farris, WSBA #17593
Andrew Lindsay, WSBA #60386
Lauren Matosziuk, *state admission pending*
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384

***Attorneys for Plaintiff***

STIPULATED PROTECTIVE ORDER
(2:24-cv-00049-BJR) - 24

**MCDOUGALD LAW GROUP P.S.**

By */s/ Shannon L. McDougald*
Shannon L. McDougald (WSBA #24231)
7900 SE 28th Street, Suite 500
Mercer Island, WA 98004
T: (425) 455-2060
F: (425) 455-2070
smcdougald@mcdougaldlaw.com


**ALSTON & BIRD LLP**
Brian D. Boone (*pro hac vice*)
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
T: (704) 444-1000
F: (704) 444-1111
brian.boone@alston.com

Caroline Rawls Strumph (*pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
T: (404) 881-7000
F: (404) 881-7777
caroline.strumph@alston.com

Alexander Akerman (*pro hac vice*)
Omar Morquecho (*pro hac vice*)
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
T: (213) 576-1000
F: (213) 576-1100
alex.akerman@alston.com
omar.morquecho@alston.com

Meghan McBerry (*pro hac vice*)
55 Second Street, Suite 2100
San Francisco, CA 94105
T: (415) 243-1000
F: (415) 243-1001
meghan.mcberry@alston.com

***Attorneys for OptumRx, Inc., Optum,
Inc., OptumInsight, Inc., OptumInsight
Life Sciences, Inc., and The Lewin
Group, Inc.***

STIPULATED PROTECTIVE ORDER
(2:24-cv-00049-BJR) - 25

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED**

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents, electronically stored information ("ESI") or information, whether inadvertent or

4    otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6    documents, including the attorney-client privilege, attorney work-product protection, or any other

7    privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

8    protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

9    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

10   of documents, ESI or information (including metadata) for relevance, responsiveness and/or

11   segregation of privileged and/or protected information before production. Information produced

12   in discovery that is protected as privileged or work product shall be immediately returned to the

13   producing party.

14

15   Dated this 31st day of July, 2025.

16

17   _Barbara J Rothstein_____

18   HONORABLE BARBARA J. ROTHSTEIN
     United States District Court Judge

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:24-cv-00049-BJR) - 26