The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY,

      Plaintiff,

v.

EXPRESS SCRIPTS, INC., EXPRESS
SCRIPTS ADMINISTRATORS, LLC,
MEDCO HEALTH SOLUTIONS, INC.,
MERCK-MEDCO, ESI MAIL ORDER
PROCESSING,INC., ESI MAIL PHARMACY
SERVICE, INC., EXPRESS SCRIPTS
PHARMACY, INC., EXPRESS SCRIPTS
SPECIALTY DISTRIBUTION SERVICES,
INC., OPTUMINSIGHT, INC.,
OPTUMINSIGHT LIFE SCIENCES, INC.,
THE LEWIN GROUP, INC., INGENIX
PHARMACEUTICAL SERVICES, INC.,
INGENIX, INC., OPTUMRX, INC., AND
OPTUM, INC.,

      Defendants.

Case No. 2:24-cv-00049-BJR

**ORDER GRANTING PLAINTIFF'S
MOTION TO STRIKE CERTAIN
AFFIRMATIVE DEFENSES**

## I.    INTRODUCTION

Plaintiff King County ("the County") initiated this action alleging that Defendants played a central role in perpetuating the national opioid epidemic, which created a public nuisance in the County. Defendants "Optum Entities" (also referred to collectively as "Optum") include

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

- 1

OptumInsight, Inc., OptumInsight Life Sciences, Inc., The Lewin Group, Inc., OptumRx, Inc., and Optum, Inc. *See* Optum Amend. Answer to Amend. Compl., Dkt. No. 105. Defendants "ESI Entities" (also referred to collectively as "ESI") include Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., and Express Scripts Specialty Distribution Services, Inc. *See* ESI Answer to Amend. Compl., Dkt. No. 98. Defendants are pharmacy benefit managers ("PBMs"),[1] mail order pharmacies, and related entities.

Presently before the Court is the County's Motion to Strike Optum Entities' Affirmative Defenses 29, 34, 44, 47, and ESI Entities' Affirmative Defenses 5, 25, 26, 27, Dkt. No. 106. Having reviewed the Motion, Defendants' joint opposition thereto, the record of the case, and the relevant legal authority, the Court grants the County's Motion.

---

[1] PBMs are third parties that contract with health insurance companies, employers, and the federal government to administer prescription drug insurance benefits. U.S. Gov't Accountability Off., GAO 24-106898, Prescription Drugs: Selected States' Regulation of Pharmacy Benefit Managers 7 (2024) [hereinafter GAO Report]. To administer prescription drug insurance benefits, PBMs provide a variety of services. PBMs negotiate rebates and discounts with drug manufacturers on behalf of insurance plans and determine the prices insurers pay and the payments pharmacies receive. *Id.* Rebates are price concessions paid by a drug manufacturer, which may be passed on from PBMs to insurers in part or in full. Nicole Rapfogel, *5 Things To Know About Pharmacy Benefit Managers*, Ctr. For Am. Progress (Mar. 13, 2024), https://www.americanprogress.org/article/5-things-to-know-about-pharmacy-benefit-managers/**.** PBMs may also take on the administrative role of directly reimbursing retail pharmacies on behalf of an insurer. *Id.* Additionally, some PBMs have a direct role in the physical distribution of prescription drugs through the operation of mail order pharmacies. GAO Report at 2, 7 n.17; Amend. Compl. ¶ 21, Dkt. No. 51. Both public and private insurers, including Medicaid, Medicare Advantage plans, employer-sponsored insurance plans, and individual market plans, use PBM services. GAO Report at 7.

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

- 2

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading any "insufficient defense or any redundant [or] immaterial . . . matter." Fed. R. Civ. P. 12(f). The function of a motion to strike is "'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). However, motions to strike "are generally regarded with disfavor because of the limited importance of pleading in federal practice," and "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019) (quoting *Griffin v. Gomez*, 2010 WL 4704448 at *4 (N.D. Cal. Nov. 12, 2010)). Furthermore, a motion to strike is not an appropriate procedure for resolving "disputed and substantial factual or legal issue[s]," which are better brought under Federal Rules of Civil Procedure 12 or 56. *Whittlestone*, 618 F.3d at 973 (alteration in original). "In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011).

## III.    DISCUSSION

Of the more than 90 affirmative defenses raised by Defendants, the County moves to strike four affirmative defenses raised by Optum and four affirmative defenses raised by ESI. Pl.'s Mot. Because several of these defenses contain similar or identical language, the Court addresses them together where possible.

### A.  Optum Affirmative Defense 47 and ESI Affirmative Defense 27

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

Optum Affirmative Defense 47 and ESI Affirmative Defense 27 similarly assert that any recovery must be reduced to the extent that the County seeks redress for injuries to individual drug users who have already been compensated. Optum Amend. Answer to Amend. Compl. at 84; ESI Answer to Amend. Compl. at 61. The County responds that these defenses pertain to individual personal injury claims, and the County's public nuisance claim is brought by the County in its sovereign capacity to benefit the public generally, rather than on behalf of individual residents. Pl.'s Mot. at 4-6.

The County is correct that its public nuisance claim is alleged on the County's own behalf, not on behalf of its individual residents. *Id.*; Amend. Compl. ¶ 463, § VIII.B. Defendants' affirmative defenses are not relevant. The Court strikes Optum Affirmative Defense 47 and ESI Affirmative Defense 27.

### B.  Optum Affirmative Defense 44 and ESI Affirmative Defense 5

Optum Affirmative Defense 44 and ESI Affirmative Defense 5 assert that the County's public nuisance claim is barred or limited because it overlaps with two pending lawsuits brought by the State of Washington that assert substantially similar claims on behalf of the State and its citizens and political subdivisions. Optum Amend. Answer to Amend. Compl. at 84; ESI Answer to Amend. Compl. at 43. The County contends that these defenses should be struck as immaterial to the County's claim. Pl.'s Mot. at 7. According to Defendants, the cases referenced by Optum Affirmative Defense 44 and ESI Affirmative Defense 5 remain pending, and thus, it is too soon to say what effect, if any, those cases may have on this action. Defs.' Resp. at 5, Dkt. No. 112. Thus, Defendants contend, these affirmative defenses are proper because they put the County on notice

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

that "should further developments in the related cases yield a defense to the County's claims here, Defendants reserve the right to raise it." *Id.*

Optum Affirmative Defense 44 and ESI Affirmative Defense 5 are improper affirmative defenses. Defendants readily admit that these purported defenses amount to the reservation of the right to assert additional unspecified defenses. *Id.* However, the mere "'reservation of affirmative defenses' is not an affirmative defense." *E.E.O.C. v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010). Defendants may add affirmative defenses through a properly filed motion to amend without reserving the right to assert additional defenses. *See* Fed. R. Civ. P. 15(a); *Ohio Sec. Ins. Co. v. Garage Plus Storage Aviation LLC*, 600 F. Supp. 3d 1164, 1171 (W.D. Wash. 2022) ("'Rule 15 does not require a party to reserve the right to assert additional defenses.'" (quoting *Johnson v. Providence Health & Servs.*, No. C17-1779, 2018 WL 2289331, at *3 (W.D. Wash. May 18, 2018))). Accordingly, the Court strikes Optum Affirmative Defense 44 and ESI Affirmative Defense 5.

### C.  Optum Affirmative Defense 29 and ESI Affirmative Defense 26

Optum Affirmative Defense 29 and ESI Affirmative Defense 26 assert that the County's claimed monetary relief must be reduced by the amount of funding it has received or will receive for healthcare and other services from the federal government or other non-County sources. Optum Amend. Answer to Amend. Compl. at 80; ESI Answer to Amend. Compl. at 61. The County contends that these defenses should be struck as overbroad because "[a]s alleged, these defenses could encompass literally any funding received for any service from any source outside of the County itself." Pl.'s Mot. at 9.

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *2-3 (N.D. Cal. 2005). "The

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

- 5

key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff *fair notice* of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Optum Affirmative Defense 29 and ESI Affirmative Defense 26 fall far short of the fair notice standard. As the County points out, these defenses are worded so broadly that they may reasonably be read to encompass funding for services wholly unrelated to the underlying dispute. Such overbroad language is patently insufficient to place the County on notice of the nature and grounds for the defenses. *See id.* The Motion to Strike Optum Affirmative Defense 29 and ESI Affirmative Defense 26 is granted.

### D.  Optum Affirmative Defense 34

Optum Affirmative Defense 34 asserts that the County's claims may be barred "to the extent they fall within the scope of any applicable judgment, consent decree, or settlement under the doctrines of res judicata or collateral estoppel." Optum Amend. Answer to Amend. Compl. at 81.

The County contends that Optum Affirmative Defense 34 should be struck for failure to provide fair notice because it references various possible offsets without any indication as to why those offsets might apply. Pl.'s Mot. at 11. Defendants assert that they have identified two lawsuits that may trigger application of res judicata or collateral estoppel: *King Cnty. v. Purdue Pharma, L.P.*, Case No. 18-2-00570-1 (King Cnty. Super. Ct.); and *State of Wash. v. Johnson & Johnson, et al.*, Case No. 20-2-00184-8 (King Cnty. Super. Ct.). Defs.' Resp. at 8 (citing Exh. B, Dkt. No. 112-2; Exh. C, Dkt. No. 112-3). Defendants contend that there is substantial overlap between the three actions, and privity exists between the State of Washington and King County such that there is concurrence of identity between the parties for purposes of res judicata. *Id.* at 8-10. The County

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

1   replies that Defendants' res judicata defense fails as a matter of law because Defendants cannot

2   establish the requisite privity between the State of Washington and the County, with respect to the

3   action brought by the State, or between defendants in any of the relevant actions. Pl.'s Reply at

4   7-10, Dkt. No. 114.

5       Res judicata bars relitigation of the same cause of action between the same parties where

6   there is a prior judgment. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Loveridge v. Fred Meyer, Inc.*,

7   125 Wn.2d 759, 763 (1995) ("For the doctrine [of res judicata] to apply, a prior judgment must

8   have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action,

9   *and* (3) persons and parties, and (4) the quality of the persons for or against whom the claim is

10  made." (alteration in original)). To satisfy the fair notice standard, an affirmative defense of res

11  judicata or collateral estoppel must, at a minimum, reference any prior action upon which the

12  defense is predicated. *Cf. Davis v. Hollywood and Ivar, LLC*, No. 221CV01235, 2021 WL 4816823,

13  at *7 (C.D. Cal. Aug. 30, 2021).

14      Optum Affirmative Defense 34 does not reference any prior judgment. *See* Optum Amend.

15  Answer to Amend. Compl. at 81. Defendants' Response addresses this deficiency by citing to the

16  two actions upon which the defense is predicated. Defs.' Resp. at 8. Nevertheless, the Court agrees

17  with the County that the defense fails as a matter of law. The state court actions that Defendants

18  cite do not involve the Defendants in this action. *See* Exh. B; Exh. C. Additionally, King County is

19  not a party to the action filed by the State of Washington. *See* Exh. C. Furthermore, Defendants

20  cannot show privity between the parties. Indeed, as the County points out in reply, Defendants have

21  taken great pains to distinguish themselves from the entities sued in other actions arising from the

22  opioid epidemic. *See* Defs.' Resp. at 2 ("It is other entities—not Defendant PBMs and HDPs—that

23  caused any opioid-related public nuisance in King County. Those entities include government

24  **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

    - 7

25

agencies, opioid manufacturers, distributors, retail pharmacies, bad doctors, and criminal actors."). Defendants' argument regarding privity between the State and King County also strains credulity. Defs.' Resp at 9-10. The fact that the State's lawsuit mentions King County does not establish privity between those parties. The Motion to Strike Optum Affirmative Defense 34 is granted.

### E.  ESI Affirmative Defense 25

ESI Affirmative Defense 25 asserts that "[a]ny verdict or judgment that the County might recover must be reduced under RCW 4.22.040 by amounts that the County has or will receive as indemnification for any past or future claims for economic loss." ESI Answer to Amend. Compl. at 61.

Defendants do not specify the type of indemnification or how it might be calculated, and whether it would be related to the County's claim. *See Annunziato v. Guthrie*, CV 20-11592, 2021 WL 5015496, at *8 (C.D. Cal. Oct. 26, 2021) ("Defendant's offset defense is too conclusory and does not provide Plaintiff with notice of the amount of damages allegedly caused to Defendant."); *Gibralter, LLC v. DMS Flowers, LLC*, No. 1:24-CV-00174, 2025 WL 2208137, at *4 (E.D. Cal. Aug. 4, 2025) (same). The Motion to Strike ESI Affirmative Defense 25 is granted.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Certain Affirmative Defenses (Dkt. No. 106) is GRANTED. The Court STRIKES Optum Affirmative Defenses 29, 34, 44, and 47 and ESI Affirmative Defenses 5, 25, 26, and 27.

DATED this 24th day of November 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

- 8