The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY,

Plaintiff,

v.

EXPRESS SCRIPTS, INC., EXPRESS
SCRIPTS ADMINISTRATORS, LLC, MEDCO
HEALTH SOLUTIONS, INC., MERCK-
MEDCO, ESI MAIL ORDER PROCESSING,
INC., ESI MAIL PHARMACY SERVICE, INC.,
EXPRESS SCRIPTS PHARMACY, INC.,
EXPRESS SCRIPTS SPECIALTY
DISTRIBUTION SERVICES, INC.,
OPTUMINSIGHT, INC., OPTUMINSIGHT
LIFE SCIENCES, INC., THE LEWIN GROUP,
INC., INGENIX PHARMACEUTICAL
SERVICES, INC., INGENIX, INC.,
OPTUMRX, INC., AND OPTUM, INC.,

Defendants.

Case No. 2:24-cv-49-BJR

**ORDER ESTABLISHING
DEPOSITION PROTOCOL**

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 1

This Order governs the conduct of all depositions in *King County v. Express Scripts, Inc., et al.*, Case No. 2:24-cv-00049-BJR (W.D. Wash.). This Order may be amended by stipulation and order, or by motion establishing good cause filed by one or more parties according to the procedures outlined in section II.A of the Court's Standing Order.

## I.    GENERAL PROVISIONS

**A.    Definitions**

**1.**    "Action" or "Matter" means the above-captioned litigation, *King County v. Express Scripts, Inc., et al.*, Case No. 2:24-cv-00049-BJR (W.D. Wash.).

**2.**    "Defending Attorney" means the "first chair" attorney representing the witness at the deposition. If the witness is a current or former employee of one of the parties, an attorney appearing on behalf of that party may elect at the start of a deposition to be considered a Defending Attorney.

**3.**    "ESI Defendants" means Defendants Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., and Express Scripts Specialty Distribution Services, Inc.

**4.**    "Family of Defendants" means a group of Defendants that share corporate relations—the ESI Defendants or the Optum Defendants.

**5.**    "MDL" means *In re: National Prescription Opiate Litigation*, Case No. 1:17-MD-2804 (N. D. Ohio), and any associated bellwether cases.

**6.**    "Noticing Attorney" means any attorney listed below the signature block of the deposition notice of the deposition and any individual affiliated with the attorney's law firm and authorized by the law firm to communicate about matters relating to a deposition.

**7.**    "Operator" means the individual designated by the court reporting agency to provide remote technical support to all Participants during a deposition.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 2

**8.** "Optum Defendants" means Defendants OptumInsight, Inc., OptumInsight Life Sciences, Inc., The Lewin Group, Inc., OptumRx, Inc., and Optum, Inc.[1] For purposes of this Order, the definition of "Optum Defendants" does not include Defendants Ingenix, Inc. or Ingenix Pharmaceutical Services, Inc.[2]

**9.** "Participant" means the witness, any person providing in-room technical support to the Witness, Questioning Attorney, Defending Attorney, other attorneys appearing on behalf of one of the parties, paralegals, testifying experts, non-testifying consultants, or other individuals providing support to the attorneys, court reporter, videographer, and Operator during a deposition.

**10.** "Defendant Deponents" means individuals currently or formerly employed or associated with the ESI Defendants or with the Optum Defendants whose depositions are noticed in this Action, the MDL, or other opioid-related litigation.

**11.** "Defendant Deponent Party" means the party for whom a Defendant Deponent is a current or former employee or representative.

**12.** "Plaintiff" means Plaintiff King County.

**13.** "Plaintiff's Deponents" means individuals currently or formerly employed or associated with Plaintiff King County whose depositions are noticed in this Action.

**14.** "Questioning Attorney" means an attorney questioning the witness on the record during a deposition for the purpose of eliciting sworn testimony.

**15.** "Remote Deposition Video Platform" means any videoconferencing service platforms jointly agreed to and designated by the parties for hosting a remote deposition.

---

[1] By joining this Deposition Protocol, Defendants Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., and The Lewin Group, Inc. do not waive their challenges to personal jurisdiction, expressly maintain that this Court does not have personal jurisdiction over them, and reserve their right to challenge personal jurisdiction in the future.

[2] Defendants Ingenix, Inc. and Ingenix Pharmaceutical Services, Inc. have not been served and have not appeared in this Action. The Optum Defendants have advised that Ingenix, Inc. no longer exists--it changed its name to OptumInsight, Inc., which is a separately named defendant. (Am. Compl. ¶ 96.)—and that Ingenix Pharmaceutical Services, Inc. is no longer affiliated with any Optum entities and, on information and belief, no longer exists.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 3

**16.**    "Remote Deposition Exhibit Platform" means any software applications jointly agreed to by the Parties for displaying exhibits during a remote deposition.

**B.    Coordination of Depositions**

**1.    *MDL Depositions***. Nothing in this Order restricts a party's ability to cross-notice depositions in the MDL before the end of fact discovery in this Action, so long as the party complies with the provisions set forth in the MDL Order Establishing Deposition Protocol (MDL Dkt. No. 643) and the MDL Protocol for State and Federal Court Coordination (MDL Dkt. No. 1029). If Plaintiff wishes to depose a Defendant Deponent whose deposition has been noticed in the MDL, then Plaintiff must cross notice the deposition and question the Defendant Deponent during the noticed deposition subject to section I.B.3 below. The parties will work cooperatively to address questions related to the division of time and place of depositions with any plaintiff's counsel who have noticed the deposition. The parties will conduct examinations so as to avoid duplicative questioning.

**2.    *Non-MDL Depositions***. Nothing in this Order restricts a party's ability to cross-notice depositions in opioid-related proceedings outside of the MDL before the end of fact discovery in this Action, so long as the party complies with any deposition protocol entered in those cases. If Plaintiff wishes to depose a Defendant Deponent whose deposition has been noticed in a non-MDL case, then Plaintiff must cross notice the deposition and question the Defendant Deponent during the noticed deposition subject to section I.B.3 below. Defendants shall provide a list of all depositions of Defendant Deponents that have already occurred in opioid-related litigation outside of the MDL and shall provide timely notice of all future depositions of Defendant Deponents in any such litigation as they are scheduled, including the witness's name and title as well as the deposition's date, time, and location. The parties will work cooperatively to address questions related to the division of time and place of depositions with any plaintiff's counsel who have noticed the deposition. The parties will conduct examinations so as to avoid duplicative questioning.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 4

**3.** ***Re-Opening Depositions of Defendant Deponents***. If a Defendant Deponent was previously deposed in the MDL or another opioid litigation and the transcript of that deposition has been deemed noticed and taken in this Action under section I.B.6, then the deposition will not be re-opened absent agreement of the Parties or leave of court. Any re-opened deposition will be limited in scope to such new topics and the re-opened deposition will not last more than three and a half (3.5) hours, absent agreement of the Parties or leave of court. Plaintiff will conduct the deposition so as to avoid any duplicative questioning and to minimize the time required needed for the re-opened deposition.

The Parties are required to meet and confer in good faith regarding depositions of any witnesses already deposed in the MDL or other opioid litigation to determine whether to reopen the deposition, and if so, the scope of any such deposition. If after meeting and conferring the Parties cannot come to agreement as to whether to reopen the deposition, or the scope of the deposition, the Parties will follow the Procedures outlined in the Court's Standing Order, at "**III Discovery Disputes**."[3]

Nothing herein will prohibit either side from asking the Court for relief beyond what is agreed to by the Parties herein.

**4.** ***Defendant Deponents Who Have Not Been Previously Deposed.*** Plaintiff's depositions of Defendant Deponents who have not previously been deposed in the MDL or other opioid-related litigation, or whose prior depositions have not been deemed noticed and taken in this Action under section I.B.6 will be subject only to the limits on the number of depositions agreed upon in section I.C below or as otherwise provided by the Federal Rules of Civil Procedure, the Local Civil Rules, or the Court's orders.

---

[3] "If the parties are unable to reach an agreement on a discovery issue after conferring, they shall arrange a telephone or video conference with the Court regarding the issue. Both of these steps must be completed before any opposed discovery motions are filed… To arrange such hearing, all counsel (not support staff) for the disputing parties shall send a joint email to Rothstein_Chambers@dcd.uscourts.gov with a short (maximum one paragraph) joint description of the dispute, as well as three dates and time ranges when the parties are available for a telephone or video conference…" https://www.wawd.uscourts.gov/sites/wawd/files/BJR%20Standing%20Order%20-%202nd%20update.pdf

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 5

**5.**      *Plaintiff's Deponents.* Each Plaintiff Deponent will be subject to no more than one seven-hour deposition absent agreement of parties or leave of court. When one Defendant Family notices the deposition of a Plaintiff Deponent, the other Defendant Family will cross notice the deposition if it also seeks to depose that witness. A deposition notice or cross notice from any member of a Defendant Family is treated as the Notice of that entire Family.

**6.**      *Use of Depositions.* All depositions of Defendant Deponents noticed or cross-noticed in the MDL or any other opioid-related litigation, and any depositions of third-party witnesses taken in Tracks 12 and 22 of the MDL, are deemed noticed and taken in this Action, subject to appropriate evidentiary objections to the admission of deposition testimony or exhibits on summary judgment or at trial.

**C.      Number of Depositions**

**1.**      Absent leave of court or agreement of the Parties, Defendants may collectively take no more than 20 depositions under Rule 30(b)(1) of Plaintiff's Deponents. A cross-notice of a Plaintiff Deponent does not count against this limit.

**2.**      Absent leave of court or agreement of the Parties, Plaintiff may take 15 depositions under Rule 30(b)(1) of Defendant Deponents from each Family of Defendants. Plaintiff's cross-notices of depositions of Defendant Deponents in the MDL or other non-MDL cases do not count against these limits. Plaintiff's re-opened deposition of Defendant Deponents pursuant to section I.B.3 above count as one-half of a deposition against this limit.

**3.**      Rule 30(b)(6) depositions will not count against the number of Rule 30(b)(1) depositions the parties may take.

**4.**      Plaintiff may take no more than 20 depositions of third-party witnesses and Defendants collectively may take no more than 30 depositions of third-party witnesses, absent leave of the Court, or the agreement of the Parties and respective third party. When one Party notices the deposition of a third-party witness, the other Parties will cross notice the deposition if it also seeks to depose that witness. Depositions of former employees of any party will be counted as party depositions. Third-party depositions deemed noticed and taken in this Action under

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 6

Section B.6 do not count against the third-party deposition total in this section. Nothing in this Order applies to or limits the rights or abilities of any third-party witnesses to object to or seek protection from deposition subpoenas or notices of deposition served in this Action on any basis, regardless of the total number of depositions sought.

**5.** The limits above apply to depositions of fact witnesses. Nothing in this Order applies to or limits depositions of expert witnesses. The Parties will negotiate and propose a separate stipulation governing expert depositions and discovery.

**D. Rule 30(b)(6) Depositions**

**1.** *Combination Fact and Rule 30(b)(6) Depositions.* A party who elects to produce a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and also as a fact witness will provide written notice of that intention, within fourteen (14) calendar days of service of the Notice of 30(b)(6) Deposition, identifying the topic or topics on which the witness will be designated for purposes of the portion of the deposition covered by Rule 30(b)(6). Where the parties cannot agree on a single deposition of a deponent who is both a corporate designee and a fact witness, the dispute will be submitted promptly to the Court for resolution in advance of the scheduled deposition.

**2.** Each Defendant Family may take the Rule 30(b)(6) deposition of Plaintiff, and Plaintiff may take the Rule 30(b)(6) deposition of each Defendant Family. Each Defendant Family may notice no more than thirty-five (35) topics for Plaintiff's 30(b)(6) depositions. Plaintiff may notice no more than thirty-five (35) topics for the Rule 30(b)(6) deposition of the ESI Defendants and no more than thirty-five (35) topics for the Rule 30(b)(6) deposition of the collective Optum Defendants. Plaintiff and each Defendant Family may designate one or more individuals to testify on the noticed topics, and will set out the topics on which each person designated will testify. Plaintiff is limited to ten (10) hours of Rule 30(b)(6) deposition testimony of the ESI Defendants, and ten (10) hours of Rule 30(b)(6) deposition testimony of the collective Optum Defendants for these thirty-five topics. Plaintiff may divide the ten hours of allotted Rule 30(b)(6) deposition time between topics and deponents for each Defendant family as it sees fit.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 7

In addition to the topics and hours of testimony allotted above, Plaintiff may separately notice up to five (5) additional Rule 30(b)(6) topics to Optum, Inc., Optum Insight, Inc., Optum Insight Life Sciences, Inc. and/or the Lewin Group, for a maximum of four hours of additional Rule 30(b)(6) deposition testimony in total. Plaintiff may divide the additional four hours of Rule 30(b)(6) deposition time between the five topics and deponents as it sees fit.

3.      Each Defendant Family is limited to seven (7) hours of Rule 30(b)(6) deposition testimony from Plaintiff, for a total of fourteen (14) hours, which they may divide between topics and deponents as they see fit.

4.      If a Rule 30(b)(6) designee also has their deposition noticed as an individual deponent under Federal Rule of Civil Procedure 30(b)(1), this provision shall not affect the duration of the Rule 30(b)(1) deposition.

5.      Nothing herein prohibits either side from seeking leave of court for additional Rule 30(b)(6) deposition notices, extended time, and/or expanded subject matters.

**E.      Noticing Depositions**

1.      *Notice of Deposition Procedures.* All deposition notices will comply with the requirements of Federal Rule of Civil Procedure 30(b). If a deposition is cross-noticed, the notice will comply with the rules of the relevant jurisdiction. A party that cross-notices a deposition in one or more cases outside of this Action is responsible for service of both the original notice and cross-notice on all parties entitled to receive such notice, both in this MDL and the other action(s). All deposition notices will be served to email addresses of counsel of record provided by the parties.

2.      *Third-Party Depositions.* All third-party subpoenas seeking deposition testimony will comply with Federal Rule of Civil Procedure 45. A copy of this Order and of the Protective Order (ECF No. 110) will be attached to each third-party subpoena issued or served requesting deposition testimony. All deposition notices will be served to email addresses of counsel of record provided by the parties.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 8

**F.    Scheduling**

1.    Absent extraordinary circumstances, counsel for the noticing party should consult in advance with counsel for the deponent and any cross-noticing party in an effort to schedule the deposition at a mutually convenient time and date, and to determine whether it will be taken remotely (see section III below) or in-person. If the deposition proceeds in person, then the parties will make an effort to agree on the location. After counsel have agreed on a mutually acceptable date and location for a deposition, the examining party will serve the notice of deposition at least 21 days before the scheduled date. If the parties cannot agree on a date, time, or location for the deposition after undertaking good faith efforts to reach agreement, the deposition may still be noticed at last 21 days before the scheduled date, subject to appropriate motions to quash.

2.    Once a deposition has been scheduled on a mutually convenient date and time, it will not be taken off the calendar, postponed, or rescheduled fewer than three (3) calendar days in advance of the date upon which the deposition has been scheduled to occur except upon agreement of counsel for the noticing party and the deponent, or upon leave of the Court.

**G.    Location for Depositions**

Unless the parties agree otherwise, whether conducted in person or remotely, depositions of the parties and their current or former officers and employees will take place (i) within twenty-five (25) miles of the location where the deponent resides, is employed, or regularly transacts business in person, or, (ii) at any other location agreed by the noticing party, any cross-noticing party, and the deponent. Counsel will make reasonable efforts to obtain the agreement of former employees to appear at designated locations. Federal Rule of Civil Procedure 45(c) will govern the location of third-party depositions.

**H.    Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 9

## I.    Attendance at In-Person Depositions

**1.    *Who May Be Present.*** Unless otherwise agreed by stipulation of the parties or by order of this Court, only the following individuals may attend in-person depositions: counsel of record or attorneys and employees of their firms; attorneys specially engaged by a party for purposes of the deposition; parties or in-house attorneys of a party; court reporters; videographers; the deponent; and counsel for the deponent. Under no circumstances will a person attend any part of a deposition in person, or by any remote means such as telephone, internet, videoconference, or any other kind of remote-access communication, without being identified on the record.

**2.    *Notice of Intent to Attend a Deposition.*** In order for counsel to make adequate arrangements as appropriate, representatives from Plaintiff and Defendants will share the number of expected attendees with each other no fewer than two (2) business days before the in-person deposition including whether the participants intend to attend in person or remotely. Nothing in this section will prevent a party or counsel hosting a deposition from requiring, for security purposes, the names of all attendees appearing at the deposition. If requested, this information must be provided at least two (2) business days in advance of the deposition.

**3.** This section applies only to in-person depositions. Attendance at remote depositions is covered in section III below.

## J.    Trial Depositions

A party may call a fact witness at trial if (i) the witness was deposed in this Action, in the MDL, or in another opioid-related lawsuit or (ii) the party calling the witness gave notice at least two (2) months before the close of fact discovery that it may call the witness at trial and no party decided to depose the witness. If a fact witness was not deposed in this Action, the MDL, or in another opioid-related, or was not disclosed as a potential trial witness at least two months before the close of fact discovery, then that witness may not testify at trial absent leave of Court or the agreement of the Parties.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 10

The limitations on the number of depositions that any party may take per section I.C above will not prevent a party from deposing a trial witness disclosed within two (2) months of the close of fact discovery.

Nothing in this provision prevents any party from using any existing deposition recording or transcript (including any deposition taken in this case, in the MDL, or in other opioid litigation, pursuant to Section I.B.6) at trial to the fullest extent allowed by law, even if the deponent sits for a trial deposition or provides live trial testimony.

## II.    DEPOSITION CONDUCT

**A.    Examination**

**1.    *Production of Documents by Third-Party Witnesses*.** If a third-party witness subpoenaed to produce documents does not provide documents within fourteen (14) calendar days before the date of a scheduled deposition, the noticing party has the right to reschedule the deposition to allow time for inspection of the documents before the examination commences.

**2.    *Copies.*** Counsel conducting an in-person examination should have at least four (4) copies of all exhibits utilized during the deposition available for use by the witness (one copy), the Defending Attorney (one copy), the court reporter (one copy) and counsel for any other party that attends the deposition under section I.I.2 above (one copy). Counsel conducting a remote examination will adhere to the provisions of section III below.

**3.    *Objections to Documents.*** Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are preserved pending a later ruling by the Court or by the trial judge. All parties will cooperate as necessary so that the Court may issue a ruling on any objection to a document before trial.

**4.    *Adherence to the Protective Order.*** All parties will adhere to the Protective Order entered in this matter and will take steps to ensure deponents adhere to the Protective Order as applicable.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 11

**B.    Objections**

1.    Counsel will comply with the Federal Rules of Civil Procedure and the local rules of the U.S. District Court for the Western District of Washington, including standards of ethics, professionalism, and civility applicable to all members of the bar. All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

**C.    Disputes During Depositions**

1.    Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, will be presented to the Court immediately.

2.    In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition will nevertheless continue as to matters not in dispute. Nothing in this Order will deny counsel the right to (1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition.

3.    To the extent the parties consent to use of a magistrate, special master, or a third-party decision-maker as agreed upon by the parties or directed by the Court, the parties will present any deposition disputes to such decision-maker.

**D.    Video Recorded Depositions**

By so indicating in its notice or cross notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1.    *Real-Time Feed.* All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities.

2.    *Video Operator.* The operator(s) of the video recording equipment will be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) will swear or affirm to record the proceedings fairly and accurately.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 12

**3.**     *Attendance.* Each witness, attorney, and other person attending the deposition will be identified on the record at the commencement of the deposition. Under no circumstances may a person attend the deposition remotely in any manner without being identified, pursuant to section I.I.2 above.

**4.**     *Standards.* Unless physically incapacitated, the deponent and examiner will be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be videotaped against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be nonobtrusive to the deponent, and will be changed only as necessary to record accurately the natural body movements of the deponent. All parties may inspect the image to be recorded, including the framing of the witness as it will appear on camera. Exhibits or demonstrative aids used in the examination may be video recorded by separate video recording equipment at the expense of the party wishing to do so. Any demonstrative aids used in the examination will be marked as exhibits for future determination by the Court as to whether inclusion on screen is appropriate. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

**5.**     *Filing.* The video operator(s) will preserve custody of the original video medium (e.g., tape or DVD) in its original condition until further order of the Court.

**6.**     *Interruptions.* No attorney or party will direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel.

**7.**     *Other Recording.* No one other than the designated videographer or court reporter will use any form of recording device to record the deposition during the course of a deposition. This includes recording using any form of remote transmitting device, telephones, computer recording device, laptops, camera, and personal device, including smart phones, tablets, or other PDAs. Any person who violates this provision will be immediately identified and reported to the

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 13

Court for the possible imposition of sanctions. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

**8.** *Stenographic Record.* A written transcript by the Court reporter will constitute the official record of the deposition for purposes of Federal Rules of Civil Procedure 30(e) and 30(f).

**E.    Correction and Signing of Depositions**

Unless waived by the deponent, the transcript of a deposition will be submitted to the deponent for correction and signature within thirty calendar days after the end of the deposition. The deposition may be signed by the deponent before any notary, including a remote notary, within thirty calendar days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

If needed, this thirty-day window may be extended by the parties upon written agreement.

**F.    Cost of Deposition**

The noticing party will bear the initial expense of both videotaping and stenographic recording. The parties will pay for their own copies of transcripts and videotapes of depositions.

**G.    Federal Rules of Civil Procedure Applicable**

Unless specifically modified herein, nothing in this order will be construed to abrogate the Federal Rules of Civil Procedure or the Local Rules of this Court.

### III.    REMOTE DEPOSITIONS

Upon the agreement of the noticing party and the party putting a witness forward for deposition and under Federal Rules of Civil Procedure 29(a) and 30(b)(4), the deposition may be taken remotely as set forth below.

**A.    Technology Requirements, Court Reporter, Videographer and Operator**

**1.** *Technology Requirements.* All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each attendee of a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and access to an Internet connection (preferably hard-wired) with at least 5 mbps upload and download speeds. In

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 14

addition to these requirements, the deponent and any attorney who will question the deponent or object to questions must have a telephone for calling into the deposition if necessary.

**2.** ***Court Reporter and Videographer.*** In accordance with Fed. R. Civ. P. 30(b)(5), which provides that "[u]nless the parties stipulate otherwise," "an officer appointed or designated under Rule 28," must place the deponent under oath, the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

**3.** ***Official Record.*** The court reporter's transcript (as corrected by errata in accordance with Fed. R. Civ. P. 30(e)), and the videographer's recording (if any), will constitute the official record of the deposition for all purposes.

**4.** ***Other Recording.*** No Participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

**5.** ***Operator.*** The court reporting agency may designate an Operator to attend each remote deposition and troubleshoot any technical issues that may arise.

**B.** **Notice of Attendance of Remote Depositions**

At least four (4) calendar days before the noticed deposition date, each individual planning to attend the deposition must notify the party noticing the deposition of his/her intent to attend and provide the following information to the noticing party: (a) name, (b) email address, and (c) phone number. The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each attending person's access to the video web portal for the deposition.

**C.** **Conduct of Remote Depositions**

**1.** Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority will govern as though the deposition was conducted in-person. Nothing in this Order will be construed to abrogate the Federal Rules of Civil Procedure or the Local Rules of this Court.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 15

**2.** Each individual attending the deposition (including counsel for the deponent) must have an active video stream and audio connection for the duration of the deposition dedicated solely to the deposition. Each such individual should attend from a quiet, private location and must execute Exhibit A of the Protective Order, Acknowledgement and Agreement to be Bound.

**3.** The witness is not required to have any other individual physically present in the room with them during the remote deposition, but if the Defending Attorney (or any other attorney representing the Witness) intends to be physically present in the room with the witness, the Defending Party will notify the Noticing Attorneys no later than five (5) business days before the remote deposition, and the Noticing Attorney will be entitled to have a representative physically present in the same room.

**4.** Immediately upon commencement of a remote deposition, following the court reporter's introduction, all Participants will announce their names and affiliations on the record unless the parties agree that the court reporter may include the Participants' information in the record without the need for all Participants to state their appearances. In the event counsel for the parties, including in-house counsel, join the deposition after it has commenced, the court reporter will include the names of these individuals in the record without requiring a verbal appearance.

**5.** Any of the following methods for administering exhibits may be employed during a Remote Deposition, or a combination of one or more methods:

**a.** If any Participant is physically present with the witness during a remote deposition, the Noticing Attorneys may designate an attorney to provide in-person physical copies of documents to the witness when directed to do so by the Questioning Attorney.

**b.** The Noticing Attorneys must provide physical copies of documents that may be used during the remote deposition to the witness, Defending Attorney, other party's counsel, and court reporter. In the event physical copies are mailed, the Noticing Attorneys will so inform the Defending Attorney, other party's counsel, and court reporter before mailing the documents, and will provide tracking information for the package. Such documents will be delivered by 12:00 pm (either in the time zone of the remote deposition or in the agreed upon time

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 16

zone for the remote deposition if the Participants are in different time zones) the business day before the deposition. The Defending Attorney, other party's counsel, and court reporter will confirm receipt of the package by electronic mail to the Noticing Attorney. If physical copies are mailed, every recipient of a mailed package will keep the package sealed until the remote deposition begins and will only unseal the package on the record, on video, and during the deposition when directed to do so by the Questioning Attorney. This same procedure will apply to any mailed physical copies of documents any other counsel intends to use for examining the witness.

          **c.**      The Noticing Attorneys may also choose to send a compressed .zip file or FTP of the documents that may be used during the deposition via electronic mail to the witness, Defending Attorney, other party's counsel, and court reporter. The .zip file or FTP link will be delivered by 12:00 pm (in the time zone of the witness) the business day before the deposition. The Defending Attorney, other party's counsel, and court reporter will confirm receipt of the .zip file or FTP link by electronic mail to the Noticing Attorney. The .zip file or FTP link will be password protected, and the Questioning Attorney will supply the password via electronic email immediately before the commencement of the deposition. Every recipient of a .zip file or FTP link will not open the .zip file until the Remote Deposition begins and when directed to do so by the Questioning Attorney. If sending documents by electronic mail, the Parties will be mindful of file size limitations, which presumptively should be less than 50 MB. Before the close of the remote deposition, the witness will delete the documents from his or her computer and electronic mail, and state for the record and on video that the documents have been deleted.

          **d.**      Counsel may introduce exhibits electronically during the deposition, by using the Remote Deposition Exhibit Platform. Before the Remote Deposition, the Questioning Attorney may convert intended exhibits to Portable Document Format ("PDF") provided that such conversion does not alter in any way the content of the exhibits. The Questioning Attorney will confirm that the witness and Defending Attorney can access the physical version and electronic versions of each published exhibit before questioning the witness about the exhibit. Exhibits

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 17

marked and shown to the witness using the Remote Deposition Exhibit Platform will be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the witness.

6.      All witnesses receiving documents before or during a remote deposition pursuant to section III.C.5 above, will destroy or return the documents to the Noticing Attorney who sent them originally or the attorney who provided them in-person and will not retain them in any manner. If the documents were received pursuant to subsections III.C.5.b-d above, the witness will certify in writing to the Noticing Attorney that the documents have been destroyed or returned within two business days following the completion of the remote deposition.

7.      Except as otherwise provided in this Order, Participants will take reasonable steps to ensure that no one who is not a Participant can hear or view the remote deposition while it is being conducted. The witness may not consult in any fashion with anyone other than Defending Attorney(s) during questioning.

8.      If the video feed or audio connection of the deponent, questioning attorney, or objecting attorney is interrupted (e.g., the video feed becomes hidden from view), the deposition will be suspended, and the parties will go back on the record only when such person's functionality has been restored. Disruptions due to technical problems will not be counted against record time.

9.      Witnesses may not use any communication devices other than those necessary to the deposition during questioning. While on the record, counsel for the deponent will not communicate with the deponent outside of the deposition-dedicated video and audio connection. This prohibition bars, among other communications, emails, instant messaging, and text messaging.

10.      Recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties are not to object to the use of these video recordings on the basis that the remote deposition was taken remotely. The parties reserve all other objections to any use of any remote deposition testimony at trial.

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 18

**IT IS SO ORDERED.**

Date:  February 6, 2026

Hon. Barbara J. Rothstein
U.S. District Judge

ORDER ESTABLISHING DEPOSITION PROTOCOL
(2:24-cv-00049-BJR) - 19