UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br>Plaintiff,<br>v.<br>EXPRESS SCRIPTS INC. et al.,<br>Defendants. | CASE NO. 2:24-cv-00049-LK<br>ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on the parties' Stipulated Motion to Stay. Dkt. No. 144. The parties request that the Court stay these proceedings "until 60 days after the conclusion of the two bellwether actions that are part of the Multi-District Litigation in *In re National Prescription Opiate Litigation*, No. 17-md-2804 (N.D. Ohio): *City of Rochester v. Purdue Pharma, L.P.*, No. 1:19-op-45853 (Track 12), and *City of Ogdensburg v. Purdue Pharma, L.P.*, No. 1:19-op-45852 (Track 22), whichever is later." Dkt. No. 144-1 at 2.

The parties contend that "[t]his action is one of many similar cases across the country filed against these same Defendants, with claims arising largely out of the same set of facts," and that

"[m]any of these cases are centralized for purposes of discovery and pre-trial proceedings as part of the Multi-District Litigation (MDL) pending before Judge Polster in In re National Prescription Opiate Litigation, No. 17-md-2804 (N.D. Ohio)." Dkt. No. 144. at 2. The parties further aver that "to conserve both the [p]arties and this Court's resources, the [p]arties believe that a stay is appropriate to allow time to develop a full evidentiary record in the MDL bellwether proceedings, before resuming discovery and motion practice in this [a]ction." *Id.* at 3.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS the parties' Stipulated Motion to Stay, Dkt. No. 144, STAYS this case until 60 days after the conclusion of *City of Rochester v. Purdue Pharma, L.P.*, No. 1:19-op-45853 (Track 12), and *City of Ogdensburg v. Purdue Pharma, L.P.*,

No. 1:19-op-45852 (Track 22), whichever is later. The parties must submit a joint status report on or before that date.

Dated this 2nd day of October, 2026.

Lauren King
United States District Judge